IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSIE LOGGINS, Madison County Jail )
#78024, )
 )
       Plaintiff, )
 ) CASE NO. 11-cv-495-JPG
vs. )
 )
MICHAEL HARE, )
 )
       Defendant. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jessie Loggins, who was a pretrial detainee in the Madison County Jail at the time this case was filed, brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**<u>The Complaint</u>**

While Plaintiff was a pretrial detainee in the Madison County Jail, another detainee was assaulted in Plaintiff's cell block (Doc. 1, p. 5). Based on the date of Plaintiff's subsequent grievance (Doc. 1, p. 4), it appears this incident occurred in April 2011. Defendant Hare accused Plaintiff of the attack; Plaintiff denies guilt. On the basis of this allegedly false report, a criminal charge of misdemeanor battery was filed against Plaintiff (Doc. 1, p. 4). Plaintiff states that the only reason he was accused is because he is black, and claims the victim was only able to identify his assailant by his race.

Defendant Hare used racial slurs on a number of occasions when dealing with Plaintiff, going out of his way to harass Plaintiff, and calling Plaintiff a "convict" when in fact he was a

detainee (Doc. 1, p. 6). Plaintiff has suffered depression and emotional distress as a result of this verbal harassment, and seeks compensatory damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - False Criminal Charge**

It is not clear from Plaintiff's complaint whether he seeks to pursue a constitutional claim against Defendant Hare for falsely accusing him of committing a battery against the other detainee. It is also not clear whether Plaintiff was ultimately convicted of the battery charge. Such a claim would be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Under *Heck*, a prisoner cannot bring a claim for damages under § 1983 for an allegedly unconstitutional conviction "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. If he was convicted of battery, Plaintiff may challenge the conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.

Accordingly, this claim shall be dismissed, without prejudice to Plaintiff raising the claim in a properly filed habeas action if he so chooses.

**Count 2 - Racial Harassment**

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). Plaintiff's claim of harassment falls into the general category of an Eighth Amendment "cruel and unusual punishment" complaint. A detainee bringing such a claim must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

The Court does not condone the behavior attributed to Defendant Hare. However, isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See*

> *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth
> Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-
> 06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *See also Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language.").

Furthermore, the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*), as amended in 1996 by the Prisoner Litigation Reform Act ("PLRA"), strictly limits an inmate's recovery for mental or emotional injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e). Therefore, even if Plaintiff could maintain a constitutional claim for harassment, the absence of any allegation of physical injury prevents consideration of his claim for mental distress.

For the foregoing reasons, Plaintiff fails to state a claim upon which relief may be granted, and this claim shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's letter (Doc. 5), construed as a motion for appointment of counsel, and motion for protective order, is **DENIED** as moot.

**Disposition**

**IT IS HEREBY ORDERED** that this case is **DISMISSED**. The dismissal of **COUNT 1** is without prejudice; Plaintiff may bring this claim in a habeas action after he has fully

exhausted his state court remedies. The dismissal of **COUNT 2** is with prejudice, for failure to state a claim upon which relief may be granted.

The dismissal of this case shall not count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 13, 2012**

                                                *s/J. Phil Gilbert*
                                                **United States District Judge**